William Claude HUNTER *v.* STATE of Arkansas

CR 82-154                                    645 S.W.2d 954

Supreme Court of Arkansas
Opinion delivered February 21, 1983

*Joel W. Price,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. This appeal raises issues of sentencing in criminal cases. On February 9, 1982, the State filed an amended petition alleging that appellant had violated the terms of his probation in three cases and that he should be sentenced to imprisonment. A hearing was held on the petition and the trial court found that in each of the three cases the petition to revoke should be granted. It is the court's sentencing of appellant in these cases that serves as the basis of this appeal. The Court of Appeals certified the

matter to this Court since it involves interpreting acts of the General Assembly. Rule 29 (1) (c).

The appellant contends that he is entitled to know the effect of his multiple sentences and that the trial court has entered such inconsistent and unauthorized sentences that no one knows what his sentences are and, he argues, we must void all sentences. The argument is meritorious but we decline to void all of the sentences.

Review is difficult in this case because of the failure of the trial court to enter orders as required by statute. In some of the sentences from which appellant now appeals there is no evidence of an original judgment of conviction and sentence and we are not afforded a transcript of the original pronouncement of sentence. In one of the cases the docket sheet reflects one sentence, the written statement given by the trial court to the appellant reflects another, the certified copy of the order of commitment reflects yet another and an instrument executed by the trial judge and styled "Statement of the Evidence — Petition to Revoke Hearing" reflects still a different sentence.

The appellant is correct in contending that he is entitled to know the effect of his sentences. Ark. Stat. Ann. §§ 43-2305, 43-2602, 43-2608 and 41-1203 (Repl. 1977) specifically require that the trial court make clear the judgment of sentence. *Culpepper* v. *State,* 268 Ark. 263, 595 S.W.2d 220 (1980). Sentencing procedures are governed by statute. *Holden* v. *State,* 156 Ark. 521, 247 S.W. 768 (1923). No one may be sentenced other than in accordance with the criminal code. Ark. Stat. Ann. § 41-803 (Repl. 1977); *Culpepper, supra.* A trial court is to follow Title 43, Chapter 23 of the Arkansas Statutes in pronouncing sentence and judgment. *See also* A.R.Cr.P. Rule 36.4. The disposition of an adult offender is governed by Title 41, Chapter 8 of the Arkansas Statutes and suspension and probation are governed by Title 41, Chapter 12. A judgment of conviction and sentence is required to be entered in each case. Ark. Stat. Ann. § 43-2301 (Repl. 1977). Such a judgment is a final judgment, not an interlocutory order which is subject to change. The statute in effect on the date of the commission of the crime is the

statute governing sentencing. Ark. Const. art. II, § 17; *Easley v. State,* 274 Ark. 215, 623 S.W.2d 189 (1981).

Appellant contends that in case number CR 81-21 the trial court gave him one sentence and then erroneously superimposed an additional sentence. The contention is correct.

In case number CR 81-21 the record contains the Penitentiary Commitment which is a certified copy of the original judgment of conviction and sentence dated April 9, 1981. It provides:

This day comes the State of Arkansas by Ron Fields, Prosecuting Attorney, and comes the Defendant in proper person, in custody of the Sheriff and by his attorney, Sam Hugh Park and said Defendant having been arraigned and informed of the nature of the Information filed against him and of each charge contained therein the same being: BURGLARY (41-2002) CLASS B FELONY

Date of Offense JANUARY 5, 1981
entered a plea of (guilty) to each charge against him, and the Court having found the Information stated an offense, accepted his plea and found the Defendant guilty as charged. The Defendant was then asked if he had any legal cause to show why judgment should not then be pronounced, and none being shown:

It is therefore, considered, ordered and adjudged by the Court that the Defendant be remanded into the custody of the Arkansas Department of Correction to be confined at hard labor for the period of: THREE (3) YEARS.

Defendant is hereby given credit for 47 days as jail time and that the State of Arkansas do have and recover of said Defendant all the costs of this prosecution and have execution therefor . . .

On the same day the judge made the following docket entry:

"Sentenced to three years, Arkansas Department of Correction withholding imposition of sentence for a period of four years." On the same date the appellant was given a statement informing him of the terms of his suspension as follows: "You have been given a term of seven years with four suspended." Eleven months later the court executed and placed of record an instrument entitled, "Statement of the Evidence — Petition to Revoke Hearing" and it recites, "In CR 81-21, the defendant was sentenced to seven (7) years in the Department of Correction and imposition of additional sentence was withheld for an additional five (5) years. A certified copy of a second judgment of conviction and sentence reflects that on March 7, 1982, appellant was sentenced to seven years of imprisonment.

Between these inconsistent indications of the judgment of sentence, the certified copy of the original judgment is conclusive. While a docket notation is prima facie evidence of a judgment, *Dupree* v. *State*, 271 Ark. 50, 607 S.W.2d 356 (1980), it is not the entry of a final judgment. *Reeves* v. *State*, 263 Ark. 227, 564 S.W.2d 503 (1978). Thus the docket entry does not have the dignity of the certified copy of the judgment and, between them, the certified copy prevails. The statement given to appellant was given in an attempt to comply with the statute requiring that a defendant be notified of the conditions of suspension or probation, Ark. Stat. Ann. § 41-1203, and was never intended as a judgment. It is not shown to have been entered of record. Clearly the certified copy of the judgment prevails between these two instruments. The original 1981 judgment provided for a three year imprisonment and nothing more. Appellant went to the penitentiary and served his sentence. Once a valid sentence is put into execution the trial court is without jurisdiction to modify, amend or revise it. *Shipman* v. *State*, 261 Ark. 559, 550 S.W.2d 424 (1977). The attempt in 1982 to increase punishment at a second sentencing was void. *Easley* v. *State*, supra. The appellant is correct in contending that the second sentence in case number CR 81-21 is void and must be reversed and dismissed.

Appellant next argues that the trial court erred in assessing a second sentence in case number CR 80-197.

Again, the argument has merit. On August 26, 1980, after a plea, the docket notation is "Sentenced to Arkansas Department of Correction for a period of two years; two years suspended on condition to be admitted to the Board of Training School for an indefinite period of time. Sentenced under 46-910. To be released until time to be transported. $1,500 cash bond." The court statement given to appellant provides: "Imposition of sentence is suspended for a period of two years." On the same day, August 26, 1980, an instrument labelled "Order of Commitment" was issued under the style of the Circuit Court of Sebastian County and provides:

> It is THEREFORE ORDERED, CONSIDERED, AND ADJUDGED BY THE COURT that William Claude Hunter, is a delinquent juvenile within the meaning of Act 451 of the Acts of Arkansas, 1975 because of the following reasons: Theft By Receiving (41-2206) Class C Felony.
> Date of offense: April 29, 1980
> Further, that said minor should be and hereby is committed to the Arkansas Division of Youth Services and said minor shall be under the exclusive custody and control of said Division until discharged.

The instrument is not signed by the judge but by a deputy clerk. The docket notations reflect that a Certificate of Assignment to the Youth Services Center, Pine Bluff, was entered on September 24, 1980, and that on November 24, 1980, a Notice of Eligibility Release from the Department of Human Services was received. In the instrument styled "Statement of the Evidence — Petition to Revoke Hearing" the trial court recited: "On August 26, 1980, the imposition of sentence for that offense [CR 80-197] was suspended for a period of two years. The defendant also received an indefinite term in the Boys Training School." There is no evidence before us that a judgment was entered.

From all of the above it appears that appellant was given an indefinite sentence to the Arkansas Juvenile Training School and, at the same time, the trial court attempted to suspend imposition of sentence. The crime was

committed on April 29, 1980, and the statutes then in effect, Ark. Stat. Ann. §§ 41-803 (4) and 41-1204 (Repl. 1977) did not authorize a concurrent imposition of an indefinite sentence along with a suspension of imposition of an imprisonment sentence. The trial court could have provided for a sentence to imprisonment followed by suspension as to an additional term of imprisonment, Ark. Stat. Ann. § 41-803 (4) (Repl. 1977) or it could have provided for suspension of an imposition of a sentence of imprisonment and as an additional condition require confinement in a detentional facility for up to 90 days. Ark. Stat. Ann. § 41-1204 (1), (3) (Repl. 1977). However, the trial court could not give an indefinite sentence coupled with a suspension of imposition of sentence. Thus, the court could validly grant one judgment or the other but not both. One judgment was the imposition of a sentence and the other was the suspension of the imposition of a sentence. The sentence imposed was served. We hold that when a court grants unauthorized dual judgments of sentence and one is imposed and served, and the other is the suspension of a sentence, there is an election by operation of law and the sentencing court has elected to order the sentence actually imposed. The other is void. Thus, the definite sentence to the Training School was valid and the suspension of the imposition of the sentence of imprisonment was void. Then, almost two years later at the revocation hearing, the trial court sentenced the appellant to three years additional imprisonment. This second sentence was also void. *Easley* v. *State, supra.* The second judgment of sentence in CR 80-197 is reversed and dismissed.

In case number CR 79-454 the appellant entered his plea and was given a statement which provides: "The court has not accepted your plea and instead has placed you on probation with all further proceedings postponed for three years conditioned upon your good behavior." The court, as a matter of law, did accept the plea because the statutory form of probation ended local forms of court probation. *English* v. *State,* 274 Ark. 304, 626 S.W.2d 191 (1981). The docket notation is "Def. is placed on three years probation and to pay restitution of $1,355.00 and is placed on Juvenile restituation program." The record contains no evidence that a judgment of conviction and probation was pronounced or

entered. There was no objection by appellant to the combining of probation and a juvenile program. In 1982, the trial court revoked the probation and sentenced the appellant to three years imprisonment. Appellant tacitly admits this sentence is valid in form but asks that we reverse it because, he argues, he was denied effective assistance of counsel. We decline to so hold. In order to raise this issue on direct appeal, evidence on the allegation must be contained in the record and the trial court must have been given the opportunity to rule on the issue. *See, e.g., Hoover* v. *State,* 270 Ark. 978, 606 S.W.2d 749 (1980); *Hilliard* v. *State,* 259 Ark. 81, 531 S.W.2d 463 (1976). Appellant is aware of our cases and asks that we overrule them. We have recently reconsidered these cases and we are firmly convinced they are correct. *Knappenberger* v. *State,* 278 Ark. 382, 647 S.W.2d 417 (1983). We affirm the judgment of conviction and sentence in case number CR 79-454.

Affirmed in part and reversed in part.