Ollie Frances JARED *v.* STATE of Arkansas

CA CR 85-191                     707 S.W.2d 325

Court of Appeals of Arkansas
Division I
Opinion delivered April 2, 1986

224

*Larry Dean Kissee*, for appellant.

*Steve Clark*, Att'y Gen., by: *Jerome T. Kearney*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Judge. On December 1, 1982, appellant pled guilty to the charge of felon in possession of a firearm. The trial judge fined her $750.00 and suspended imposition of sentence for four years, subject to the condition that appellant not commit an offense punishable by imprisonment during the suspension period. On January 3, 1985, the State filed a revocation petition, alleging that appellant, on or about November 8, 1984, committed the offenses of theft by receiving and contributing to the delinquency of a minor. After a revocation hearing on April 3, 1985, the trial judge found that appellant had violated the terms of her suspended imposition of sentence, and sentenced her to a four-year term in the Arkansas Department of Correction. Appellant raises four points on appeal, but we find none of them require a reversal.

In her first point, appellant argues that the evidence was not sufficient to justify the revocation. To revoke a suspended sentence, the State must prove by a preponderance of the evidence that the defendant violated a condition of her suspension. *Smith* v. *State*, 9 Ark. App. 55, 652 S.W.2d 641 (1983). On

appellate review, this Court will not overturn the findings of the trial court unless they are clearly against a preponderance of the evidence. *Calvin v. State*, 11 Ark. App. 294, 669 S.W.2d 508 (1984).

In late October 1984, Sue Warner called the sheriff's office and reported several missing items: a saddle, trolling motor, and chainsaw. She later discovered and reported that some tools were missing as well. Mrs. Warner suspected that her thirteen-year-old son, Stephen, might be involved in the disappearance of the items. At the revocation hearing, several witnesses testified, indicating the appellant had sold the motor, saddle and missing tools.

Appellant first argues that the items were not stolen, that they belonged to Stephen, having passed to him by intestate succession upon his father's death. We find no merit in this argument because one item, the saddle, undisputedly belonged to Stephen's sister. Furthermore, the State presented testimony that Mrs. Warner—not Stephen—owned the other items, thus this factual issue was one for the trial judge to decide.

Concerning the charge of contributing to the delinquency of a minor, appellant next argues that there was no evidence proving she was an adult. That assertion is untrue since Stephen testified, without contradiction, that appellant was over twenty-one years of age. She also claims the evidence was insufficient to show she gave Stephen any contraband. Again, we disagree. According to Stephen Warner, he received liquor and marijuana from appellant in exchange for the items. He testified that appellant put the contraband in some weeds for him to retrieve. While appellant argues two witnesses contradicted Stephen's testimony, at most, that evidence presented a question of conflicting testimony which was resolved against the appellant.

Whether there is sufficient evidence to support the trial court's finding that appellant had violated conditions of her suspended imposition of sentence is purely a question which requires resolution of witnesses' credibility and is one within the sound discretion of the trial court. *Reynolds v. State*, 282 Ark. 98, 666 S.W.2d 396 (1984). Our study of the record reveals the trial court's decision is not clearly against the preponderance of the evidence.

For her second point, appellant contends that the trial court erred by refusing to grant her motion for a continuance. On March 12, 1985, appellant appeared in court and requested court-appointed counsel. That request was denied, and the court set a hearing date of April 3, 1985. Appellant contacted the court on March 28th or 29th, and again requested appointed counsel. It appears that the trial court appointed appellant's attorney on April 2, 1985, one day before the revocation hearing.

■ Appellant cites *Wolfs v. Britton*, 509 F.2d 304 (8th Cir. 1975), in support of her contention that the appointment of counsel one day before trial denied her effective assistance of counsel. However, that case is distinguishable from the one here. In *Wolfs*, the criminal conduct itself was characterized both as "bizarre" and "inexplicable." Here, the facts were uncomplicated and presented no unusual issue. Further, counsel in *Wolfs* argued that he had not been able to talk with all the witnesses before trial, that he learned just the night before that his client had psychiatric problems and that an insanity defense might be in order, and that the defendant's relatives and other character witnesses were unavailable. In the present case, appellant's counsel was familiar with the events which led to the charges against appellant because the month before, he had represented Ricky Mellon, who had transacted business with Stephen Warner and was charged with the same offenses as appellant. According to appellant's counsel, Mellon's case involved the same facts, individuals and State witnesses. There is no indication that the late appointment precluded counsel or appellant from having any witnesses present or that she was prejudiced in the presentation of her case.

■■ Whether to grant a continuance is a matter lying within the sound discretion of the trial court and will not be overturned absent a showing of clear abuse of discretion. *Berry v. State*, 278 Ark. 578, 647 S.W.2d 453 (1983); *Parks v. State*, 11 Ark. App. 238, 669 S.W.2d 496 (1984). It is also settled law that in the absence of a showing of prejudice, we cannot say the refusal of a continuance is error. *Beck v. State*, 12 Ark. App. 341, 676 S.W.2d 740 (1984). In the instant case, appellant simply failed to demonstrate that the court abused its discretion or that she was prejudiced by the denial of a continuance.

Appellant's third point for reversal is that the revocation petition should be dismissed based upon collateral estoppel. A petition to revoke had been filed against Mellon, alleging that he had violated the terms of his suspension by receiving stolen property and contributing to Stephen Warner's delinquency. Appellant argues that because the State was unsuccessful in proving the charges against Mellon, the doctrine of collateral estoppel requires that the revocation petition against her be dismissed.

Acknowledging that the revocation hearings did not involve the same parties, appellant nevertheless urges us to apply collateral estoppel to situations where the same victim is involved under identical circumstances. In support of her argument, she cites *People* v. *Taylor*, 117 Cal. Rptr. 70, 527 P.2d 622 (1974). In *Taylor*, the defendant Taylor was an accomplice to a robbery during which one of the robbers was shot and killed. Taylor's surviving accomplice was convicted of robbery but acquitted of the murder charge. Taylor, who sat in the getaway car, argued that because the People failed to establish that his accomplices entertained the requisite malice aforethought, collateral estoppel should preclude the People from relitigating the same issue at his later murder trial. The court agreed, and concluded that the lack of identity of parties defendant did not preclude the application of the doctrine. It went on, however, to limit its holding to the circumstances of the case "where an accused's guilt must be predicated on his vicarious liability for the acts of a previously acquitted confederate." *Id.* at 79, 525 P.2d at 631.

■ The rule in *Taylor* simply is contrary to that which governs in Arkansas. Under Ark. Stat. Ann. § 41-304(2) (Repl. 1977), in any prosecution for an offense in which the liability of the defendant is based on conduct of another person, it is no defense that the other person has been acquitted. *See Roleson* v. *State*, 277 Ark. 148, 640 S.W.2d 113 (1982) and *Blann* v. *State*, 15 Ark. App. 364, 695 S.W.2d 382 (1985). Therefore, we must reject appellant's collateral estoppel argument.

Finally, appellant contends the trial court erred in denying her motion *in limine* to prevent the State, on cross-examination, from questioning her about her past convictions. We do not agree.

■ Appellant's counsel apparently intended to put her on

the stand, and accordingly, sought an advance ruling that she not be examined about her prior convictions. Appellant argued at trial that her convictions had no probative value and would have only a prejudicial effect.[1] She argues on appeal that she did not take the stand because she did not want to risk impeachment by the State's use of these prejudicial convictions. Appellant's argument ignores the rule adopted by the Arkansas Supreme Court in *Simmons* v. *State*, 278 Ark. 305, 645 S.W.2d 680 (1983), and restated by this Court in *Lincoln* v. *State*, 12 Ark. App. 46, 51, 670 S.W.2d 819, 821 (1984):

> In future cases, to preserve the issue for review, a defendant must at least, by a statement of his attorney: (1) establish on the record that he will in fact take the stand and testify if his challenged convictions are excluded; and (2) sufficiently outline the nature of his testimony so that the trial court, and the reviewing court, can do the necessary balancing contemplated in Rule 609.

There is nothing in the record to show that appellant followed either of the steps noted above, and while *Simmons* and *Lincoln* involved criminal trials, there is no reason the rule should not apply with equal force to revocation hearings. We find no error in the court's denial of appellant's motion.

Affirmed.

CRACRAFT, C.J., and COOPER, J., agree.

---

[1] While appellant argues on appeal that her motion was to prohibit the State from cross-examining into the details of the convictions, the abstract of record reflects she moved to exclude any reference to the prior convictions whatsoever.