Ernest Lee SMITH *v.* STATE of Arkansas

CA CR 85-176                              713 S.W.2d 241

Court of Appeals of Arkansas
En Banc
Opinion delivered July 2, 1986

154

*Chandler & Thomason*, by: *Larry W. Chandler*, for appellant.

*Steve Clark*, Att'y Gen., by: *Connie Griffin*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Chief Judge. Ernest Lee Smith appeals from an order of the circuit court revoking suspended imposition of sentence and sentencing him to a term of nine years in the Arkansas Department of Correction. He contends that the trial court erred in imposing the nine-year sentence. We do not agree and affirm.

On April 26, 1984, the appellant pled guilty to a charge of theft, a class "C" felony, for which the maximum sentence is ten years. Ark. Stat. Ann. § 41-901(1)(d) (Supp. 1985). The court's docket entry and judgment reflect that the appellant was sentenced to "one year in the Arkansas Department of Correction and the court suspends imposition of any additional sentence to the penitentiary for a period of five years." On that day the appellant and trial judge signed a document styled "Statement of Court Respecting Suspended Sentence," which first recited that

the appellant had been sentenced to one year in the Department of Correction and *"imposition of an additional five-year sentence* is suspended on your good behavior for the entire period of this sentence" (emphasis added), and then outlined the conditions of his suspension as required by Ark. Stat. Ann. § 41-1203 (Repl. 1977).

The appellant served the one-year term imposed and was released from the Department of Correction. On June 27, 1985, the trial court revoked the suspension on finding that the appellant had, subsequent to his release, committed the crime of robbery by taking a substantial amount of money from a shopkeeper while threatening him with a soft drink bottle. The court ordered that he then be committed to the Arkansas Department of Correction for a period of nine years.

## AS BETWEEN CONFLICTING INDICATIONS OF THE SENTENCE IMPOSED THE ORIGINAL JUDGMENT GOVERNS

██ The only issued raised in the trial court was that the sentences contained in the original judgment of conviction and the statement of conditions of suspension were inconsistent; that the second statement should prevail over the first and that the appellant had a right to rely upon it and expect that in the event of a future revocation he could be sentenced to no more than five years. In *Hunter v. State,* 278 Ark. 435, 646 S.W.2d 688 (1983), an even more complex situation was presented. There the judgment of conviction imposed one sentence, the docket entry reflected a different one, and the statement of conditions of suspension contained still a different one. The court held that between these inconsistent indications of the judgment of sentence the original judgment was conclusive. While a docket entry is prima facie evidence of judgment it is not the entry of the judgment nor does it have the dignity of one. The court further held that the statement given to the appellant was merely given in an attempt to comply with the requirement that the defendant be notified of the conditions of the suspension or probation, as provided by Ark. Stat. Ann. § 41-1203 (Repl. 1977), and was never intended as a judgment.

██ The appellant argues that he had a right to rely upon the recital of the sentence contained in the statement of condi-

tions and, even if it was not a formal judgment, it was prejudicial error to sentence him other than in accordance with it. We agree that a person convicted of a crime has a right to have his sentence read and its consequences made known to him at the time of pronouncement. Ark. Stat. Ann. § 43-2305 (Repl. 1977); *Culpepper v. State*, 268 Ark. 263, 595 S.W.2d 220 (1980). However, since *Berna* v. *State*, 282 Ark. 563, 67 S.W.2d 437 (1984), prejudice is no longer presumed from error but must be demonstrated from the record. It is no longer presumed that simply because an error is committed it is prejudicial error. Although the type of inconsistency which occurred here should be meticulously guarded against, any error resulting from it could hardly be deemed prejudicial. There is nothing in the record to indicate that the appellant placed any reliance on the statement of conditions of suspension on the theft charge when he elected to commit the more serious crime of robbery for which he could be tried and sentenced to a term of up to twenty years. A technical error does not warrant a reversal or reduction of sentence where it is not shown that the error had any effect upon the basic fairness of the proceeding.

Although the issue was not raised in the trial court, nor advanced in the briefs presented to us, it has been argued in our conference that the original sentence imposed on appellant was unauthorized by the criminal code; that it amounted to a one-year sentence, which had already been served, and that the court could not in the revocation proceeding impose on the appellant any additional sentence. It was also argued in conference that points of error not raised in the trial court or argued in the briefs should not be addressed by appellate courts. The majority concludes that because of the widespread confusion among both bench and bar as to our present laws on sentencing, we should address the issue even though not required to do so. The majority concludes from its review of our criminal code that both the original sentence and the one imposed on revocation are expressly authorized.

## THE ORIGINAL SENTENCE WAS AUTHORIZED

Statutory authorization to sentence this appellant to a one-year term of imprisonment with suspended imposition of sentence to an additional one is expressly provided in Ark. Stat. Ann. § 41-803(5) (Supp. 1983). That section provides:

If a defendant pleads or is found guilty of an offense other than capital murder, treason, a Class Y felony or murder in the second degree, the court may suspend imposition of sentence or place the defendant on probation, in accordance with Chapter 12 [§§ 41-1201—41-1211] of this Article. If the offense is punishable by fine and imprisonment, the court may sentence defendant to pay a fine and suspend imposition of sentence as to imprisonment or place him on probation. *The court may sentence the defendant to a term of imprisonment and suspend imposition of sentence as to an additional term of imprisonment, but the court shall not sentence a defendant to imprisonment and place him on probation, except as authorized by Section 1204* [§ 41-1204]. [Emphasis added].

In the commentary to the original enactment of that section appears the following statement:

Although very few states provide for a sentence to imprisonment followed by suspension as to an additional term of imprisonment, the Commission felt obliged to *authorize* this sentencing alternative in view of its previous widespread employment by Arkansas judges. [Emphasis added].

■ Ark. Stat. Ann. § 41-1205(1) (Repl. 1977) provides that where the court does suspend the imposition of sentence the period of suspension shall be for "a definite period of time not to exceed the maximum jail or prison sentence allowable for the offense charged." Clearly the sentence originally imposed on this appellant was authorized by our code. The appellant was sentenced to serve a "term of imprisonment" (one year) and the court suspended the imposition of an additional term of imprisonment for a "definite period" (five years). This five-year period of suspension did not exceed the maximum prison sentence allowable for the offense.

## THE IMPOSITION OF A NINE-YEAR SENTENCE UPON REVOCATION WAS AUTHORIZED

■■ The authority for the trial court to impose a nine-

year term of imprisonment upon revocation of the suspension[1] is expressly provided in Ark. Stat. Ann. § 41-1208(6) (Repl. 1977) as follows:

> If the court revokes a suspension or probation, it may enter a judgment of conviction and may impose any sentence on defendant that might have been imposed originally for the offense of which he was found guilty, provided that any sentence to pay a fine or to imprisonment when combined with any previous fine or imprisonment for the *same offense* shall not exceed the limits of . . . [those sections setting forth the range of fines and imprisonment and setting statutory limits thereon for various crimes]. [Emphasis added].

In the commentary to that section it is stated:

> The power to impose any sentence originally authorized is qualified to the extent that a fine or imprisonment was actually imposed at the time suspension or probation was ordered. For example, assume that a defendant is found guilty of a class B felony and the court imposes a fine of $10,000 and suspends imposition of sentence as to imprisonment. If the defendant [sic] is subsequently revoked, he may be sentenced to a term of imprisonment up to 20-years but the maximum fine that can be imposed is $15,000 (statutory limit for class B felony) less $10,000 (fine already imposed), or $5,000. Similarly, *if the court imposed a 5-year term of imprisonment followed by a period of suspension, the maximum sentence upon revocation is 15 years.* [Emphasis added].

Here the appellant had served the one-year sentence in the Department of Correction before the revocation. As ten years is the maximum sentence for the crime for which he was placed on suspension, the maximum the court could impose under § 41-1208 upon revocation is nine years. The clear wording of §§ 41-803(5) and 41-1208(6), the commentary to those sections, and specific examples contained therein are clear and convincing that both the original sentence and the sentence imposed upon

---

[1] Ark. Stat. Ann. § 41-801 (Repl. 1977) provides that as used in the code the terms "suspension" and "suspended imposition of sentence" have the same meaning.

revocation were fully authorized by the code.

## THE AUTHORITY CONTAINED IN THOSE SECTIONS PREVIOUSLY DISCUSSED IS NOT LIMITED BY ARK. STAT. ANN. § 41-1204 (REPL. 1977)

█ It was also argued in conference that Ark. Stat. Ann. § 41-1204 (Repl. 1977) prohibits a trial court from ordering a felony defendant to spend more than ninety days in confinement and suspending imposition as to an additional term of imprisonment. Basically, § 41-1204 outlines a procedure whereby the court may, as an additional condition of a defendant's suspension or probation, order him to serve a limited period of confinement in a local detentional, correctional, or rehabilitative facility for the purpose of enhancing his understanding of the potential consequences in the event his suspension or probation is subsequently revoked. Such an order is not deemed a "sentence to a term of imprisonment," nor is it necessary that the court enter a judgment of conviction before imposing such a condition. It was argued in conference that this section, § 41-1204, provides the only method by which a court can order a defendant to serve a period of incarceration to be followed by a period of suspended imposition as to an additional term. It was further argued that a sentence that both initially imposes a term of imprisonment for a period in excess of the limits of § 41-1204 and suspends imposition as to an additional term is effective only with respect to the initial period of confinement imposed.

█ While it is true that Ark. Stat. Ann. § 41-803(5) (Supp. 1985) provides that a defendant cannot be sentenced to a term of imprisonment to be followed by a period of *probation* otherwise than in accordance with § 41-1204, we cannot agree that a court's authority to sentence one to a term of imprisonment to be followed by a period of *suspension* is likewise limited. Section 41-803(5), by its express terms, makes the following distinction between periods of suspension and probation following terms of imprisonment:

> The court may sentence the defendant to a term of imprisonment and *suspend imposition of sentence as to an additional term of imprisonment*, but the court shall not sentence a defendant to imprisonment and place him on *probation*, except as authorized by Section 1204 [§ 41-

1204]. [Emphasis added].

The commentary to that section and others explain the reasons for this distinction. Probation is a court-supervised release whereas suspension is unsupervised. A person released from the Department of Correction should be subject to the supervision of parole officials. Since supervision by both the court and the Board of Pardons and Paroles, as would be the case with one who is both a parolee and probationer, is a needless duplication of effort and conducive to jurisdictional disputes, the legislature therefore prohibited the courts from both "sentencing" one to a "term of imprisonment" and placing him on probation.

This limitation was not placed upon sentences to confinement in the Department of Correction followed by a period of suspended imposition, because upon release one would not be subject to court supervision and the problems of dual supervision would not arise. Likewise, that limitation was not extended to a period of confinement in local institutions, as authorized by § 41-1204, followed by probation because local confinement does not involve the Department of Corrections and upon release a defendant is subject only to the supervision of the sentencing court. It is clear that § 41-1204 was not intended as a limitation on the authority to enter a judgment of commitment to a term in the Department of Correction followed by a period of suspended imposition, but merely as a discretionary alternative to other authorized sentences.

The provisions of the sections of Chapter 12 (§ 14-1201 et seq.) and their commentaries make it clear that the drafters of the code, as enacted in its original form, intended to abandon the concept of suspended execution of sentence in favor of suspended imposition.[2] *Culpepper* v. *State*, 268 Ark. 263, 595 S.W.2d 220 (1980). One of the underlying purposes for adopting the concept of suspended imposition of sentence was to provide a method for maintaining a "clean slate" for certain offenders whose record of conviction could not theretofore be expunged as

---

[2] By Act 956 of 1985, effective April 15, 1985, the legislature expressly reauthorized the former practice of suspending execution of sentences in any circumstance in which a suspension of imposition was then authorized. This section now appears as Ark. Stat. Ann. § 43-2326.1 (Supp. 1985).

provided for first offenders (Ark. Stat. Ann. § 43-1231 et seq. (Repl. 1977)) and those offenders under twenty-six years of age (Ark. Stat. Ann. § 43-2339 et seq. (Repl. 1977 and Supp. 1985)). That purpose was implemented by the adoption of Ark. Stat. Ann. §§ 41-1201, 1203, and 1204 (Repl. 1977). Section 41-1201 provides a list of those criteria which the trial court may consider in making its discretionary determination of whether to impose a term of imprisonment followed by suspended imposition of an additional term or to suspend imposition of the sentence entirely. Where the imposition of sentence is suspended entirely, no judgment of conviction will be entered and no criminal record established if the defendant does not violate the conditions of his suspension.

The drafters of the code recognized that there would be individuals who appeared to be capable of rehabilitating themselves without institutional instruction but who, because of their attitude or past conduct, were in need of a short period of incarceration in order to enhance their appreciation for the consequences of violating the terms of their suspension. This alternative method of sentencing was provided in § 41-1204, which authorizes the court, "as an additional condition" of suspension or probation, to order that the defendant serve a period of confinement in a local detentional or rehabilitative facility for consecutive or non-consecutive intervals not to exceed ninety days in the case of a felony. Section 41-1204(2) provides that this period of confinement "shall *not* be deemed a sentence to a term of imprisonment and the court need not enter a judgement of conviction before imposing such a condition."

It is clear, however, that that section was intended merely as an alternative method of sentencing, for § 41-1201(3) contains two specific exceptions to the general rule that a judgment of conviction is not to be entered against one who is placed on suspension or probation. That section provides:

When the court suspends the imposition of sentence on a defendant or places him on probation, the court shall enter a judgment of conviction *only if:* (a) it sentences the defendant to pay a fine but suspends imposition of sentence as to imprisonment or places defendant on probation, or (b) *it sentences the defendant to the term of imprisonment*

*and suspends imposition of sentence to an additional term of imprisonment.* [Emphasis added].

In the commentary to that section it is stated:

> The second exception [that embodied in subsection (b) above] from the general rule arises when the court imposes a sentence to imprisonment followed by suspension as to additional imprisonment. Again the court must enter a judgment of conviction if there is to be a basis for imposing the sentence to imprisonment.

This section demonstrates not only the underlying policy for obviating the establishment of a criminal record in appropriate cases but also restates in express words and commentary example the authority of the court to impose a sentence such as was imposed on this appellant. It is therefore clear that § 41-1204 has application only to those criminal defendants upon whom imposition of sentence is suspended entirely.

## CONCLUSION

At the time appellant pled guilty to the crime of theft, the Arkansas Criminal Code provided several discretionary sentencing alternatives to the trial court.

1. It could have entered an order of conviction and sentenced appellant to a fine not to exceed $10,000.00, a term of imprisonment of not less than three nor more than ten years, or both. Ark. Stat. Ann. §§ 41-803(4) (Supp. 1983), 41-901(1)(d) (Supp. 1985), 41-1101(1)(b) (Repl. 1977). Once such a sentence is placed into execution, it cannot thereafter be enlarged. *Massey v. State,* 278 Ark. 625, 648 S.W.2d 52 (1983).

2. (a) If the court determined that appellant was capable of rehabilitation without institutional treatment, it could have suspended imposition of any sentence and released him without supervision or placed him on probation on written conditions. Ark. Stat. Ann. §§ 41-803(5) (Supp. 1983), 41-1201(1) (Repl. 1977).

(b) If it had determined that, even though capable of self-rehabilitation, he needed the shock of a taste of what he might expect if he did not, it could have, as an additional condition of suspension or probation, require him to spend up to ninety days in

a local detentional or rehabilitative institution. Ark. Stat. Ann. § 41-1204(1) and (3) (Repl. 1977). The period of confinement in local institutions is not deemed a sentence to imprisonment and does not require an order of conviction. Ark. Stat. Ann. § 41-1204(2) (Repl. 1977).

On revocation, the court could have then imposed on him any sentence up to the maximum provided for a class "B" felony, after giving credit for time spent in local confinement. Ark. Stat. Ann. § 41-1204(4) (Rep. 1977).

3. (a) If the court determined that a fine without imprisonment was appropriate, it could have entered an order of conviction to pay a fine and suspended imposition of an additional sentence or placed him on probation. Ark. Stat. Ann. § 41-803(5) (Supp. 1983).

(b) If it determined that some period of imprisonment in a correctional institution was indicated it could sentence him to an appropriate term of imprisonment and suspend imposition of any additional sentence to imprisonment. Ark. Stat. Ann. § 41-803(5) (Supp. 1983).

In either case the appellant would receive a written list of the conditions of his suspension or probation. On revocation the court could then impose any sentence up to a fine of $10,000.00 or ten years imprisonment, after giving credit on that sentence for any fine already paid or term of imprisonment already served. Ark. Stat. Ann. § 41-1208(6) (Repl. 1977).

Since April 15, 1985, a court can also sentence a convicted person to a definite term in prison, to pay a fine, or both, and suspend *execution* of the sentence on reasonable conditions. Ark. Stat. Ann. § 43-2326.1 (Supp. 1985).

We find no error and conclude that the sentences imposed upon the appellant were authorized.

Affirmed.

COOPER, J., and WRIGHT, Special Judge, concur.

JAMES R. COOPER, Judge, concurring. I concur in the result reached by the majority, but not in its reasoning. The reason I concur in the result is that the appellant did not object to the

sentence imposed below on the grounds that it was not an authorized disposition under Arkansas law. He has, however, marginally raised the point before this Court by arguing that the appellant may not be liable for any additional sentence since he had completed the full one year sentence given him. As the Arkansas Supreme Court noted in *Hoffman* v. *State,* 289 Ark. 184, 711 S.W.2d 151 (1986), Arkansas does not have a plain error rule, and therefore, we cannot consider a sentencing error, unobjected to at trial, on direct appeal. However, as the Court noted, the imposition of an improper sentence is a proper subject for a petition under Rule 37.

However, in the case at bar, I am compelled to note my disagreement with the majority's conclusion that the sentence imposed was authorized under our statutes. I have no real quarrel with the majority's quotation of the applicable statutes; they are accurately reproduced; my problem is that the Arkansas Supreme Court has clearly said that the trial judge is without authority to modify a sentence in a criminal case once it is put into execution, *Hunter* v. *State,* 278 Ark. 428, 645 S.W.2d 954 (1983), and further, that multiple sentences in criminal cases are not allowed. *Easley* v. *State,* 274 Ark. 215, 623 S.W.2d 189 (1981). As the Supreme Court pointed out in *Deaton* v. *State,* 283 Ark. 79, 81, 671 S.W.2d 175, 177 (1984), " 'A person need run the gauntlet only once.' " (quoting *North Carolina* v. *Pearce,* 396 U.S. 711 (1985)). In the case at bar, it seems obvious to me that the appellant has been required to "run the gauntlet" twice.

ERNIE E. WRIGHT, Special Judge, concurring. I concur in affirming the judgment of the circuit court in sentencing the defendant to an additional term of nine years in the Arkansas Department of Correction. However I would affirm without reviewing the merits for the reasons stated below.

At the conclusion of a hearing for revocation of suspension of imposition of additional sentence under a prior felony conviction the court found that appellant had violated the condition of suspension by committing a felony and sentenced him to an additional term of nine years. On appeal the appellant argues for the first time that since he had already served the one year sentence imposed under the prior conviction he could not be sentenced to any additional time under the prior judgment in

which the court suspended for five years the imposition of any additional sentence. Appellant further argues that if he is subject to receiving an additional sentence the length of sentence should be limited to five years on the ground that the written statement of the court respecting suspended sentence indicates any additional sentence would be limited to five years. The judgment for the prior conviction contained no such limitation.

The issues appellant now raises were not raised by objection before the trial court. A.R.Cr.P., Rule 36.21 requires a defendant to make known to the trial court his objections to the action of the court and his grounds therefor. When the court announced the additional sentence appellant made no objection. The rule is well settled that the appellate court will not review alleged error unless an objection sufficiently specific to apprise the court as to the particular error complained of is timely made, and to be timely the objection must be made when the trial court is afforded an opportunity to correct the asserted error. *Tosh* v. *State,* 278 Ark. 377, 646 S.W.2d 6 (1983); *Henry* v. *State,* 278 Ark. 478, 647 S.W.2d 419 (1983).

In *Coulter* v. *State,* 269 Ark. 537, 597 S.W.2d 814 (1980), the Arkansas Supreme Court held that a failure to object before the trial court will only be disregarded when the error is so great that it could not have been cured by the trial court and only then to prevent a clear miscarriage of justice. No such condition exists in the case before us.

Also, I would not review the merits of the issues appellant argues on appeal for the reasons that appellant's brief makes no convincing argument in support of his points and his points are not supported by any citation of authority. *Dixon* v. *State,* 260 Ark. 857, 545 S.W.2d 606 (1977); *Arkansas Louisiana Gas Co.* v. *Hutcherson,* 287 Ark. 247, 697 S.W.2d 907 (1985).