Raymond Randy GREEN *v.* STATE of Arkansas

CA CR 89-5                               777 S.W.2d 225

Court of Appeals of Arkansas
Division I
Opinion delivered October 4, 1989

*Davis H. Loftin*, Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Ann Purvis*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case received a suspended imposition of sentence on July 1, 1981. On August 4, 1986, he was convicted on a separate charge and

sentenced to eight years in the Arkansas Department of Correction. On the same day, a revocation hearing based on the latter conviction was held, and a ten-year sentence was imposed. In *Green* v. *State*, 21 Ark. App. 80, 729 S.W.2d 17 (1987), we affirmed the appellant's conviction which resulted in the eight-year sentence but we reversed the revocation of the suspended imposition of sentence on the ground that the trial judge should have recused, and we remanded for a new revocation hearing. After a hearing held on February 24, 1988, the suspended imposition of sentence was again revoked and the appellant was sentenced to ten years in the Arkansas Department of Correction. From that decision, comes this appeal. We affirm.

The appellant first contends that the petition to revoke was untimely. He asserts that under Ark. Code Ann. § 5-4-310 (1987), the State's petition to revoke should have been heard within sixty days of the mandate issued by this Court on May 13, 1987, reflecting that his revocation had been reversed. Although the record shows that the revocation hearing was not held until February 24, 1988, more than sixty days after our mandate was issued, we find no error. First, § 5-4-310 makes no mention of an appellate court mandate, but instead provides that the sixty-day period begins on the date of the defendant's arrest. Second, the purpose of the sixty-day limitation period is to prevent a defendant from being detained in jail for an unreasonable time while awaiting a revocation hearing. *Phillips* v. *State*, 17 Ark. App. 86, 703 S.W.2d 471 (1986). In cases such as the case at bar, where the appellant was already incarcerated on another charge while awaiting the revocation hearing, the limitation loses its meaning. *Id.* We hold that the appellant was not prejudiced by the revocation hearing held more than sixty days after the issuance of the appellate mandate.

Next, the appellant asserts error based on the State's failure to serve him with notice of the revocation hearing as required by Ark. Code Ann. § 5-4-310(b)(3) (1987), which provides that:

> The defendant shall be given prior written notice of the time and place of the revocation hearing, the purpose of the hearing, and the condition of suspension or probation he is alleged to have violated.

The record shows that the appellant was given proper notice of the

revocation hearing of August 4, 1986, but there is no evidence that he was given written notice of the revocation hearing of February 24, 1988, from which he brings this appeal. However, we find that the evidence is sufficient to support a finding that the appellant had received actual notice of the time at which the revocation hearing was to be held, and that the notice of the prior hearing adequately apprised him of the purpose of the hearing and the condition of suspension he was charged with violating. The appellant was transported to Crittenden County on February 4, 1988, twenty days before the revocation hearing took place. At the hearing the appellant's attorneys both stated that they had spoken with the appellant on the telephone and that they were familiar with the case. Neither attorney claimed surprise, and we note that the sole basis for the 1988 revocation hearing was identical to the allegations heard by the court in 1986, i.e., the new eight-year sentence in the 1986 charge. The appellant, however, indicated that he required three or four days to confer with his attorneys and to research the law relating to his case, and asked for a continuance. The trial court denied the request and proceeded with the revocation hearing.

In *Reynolds* v. *State*, 282 Ark. 98, 666 S.W.2d 396 (1984), the Supreme Court found no error in the failure to provide statutory written notice of the time and place of a revocation hearing where the appellant had received actual notice and did not move for a continuance. We think that the evidence in the case at bar is sufficient to show that the appellant had actual notice. Moreover, in *Jared* v. *State*, 17 Ark. App. 223, 707 S.W.2d 325 (1986), we held that the trial judge in a revocation proceeding did not abuse his discretion in denying a motion for continuance on the ground that the appellant's attorney was appointed only one day before the hearing where Jared's counsel was familiar with the facts of the case. The case at bar presents similar circumstances in that the appellant's attorney stated at the hearing that he was not unfamiliar with the facts of the case, and that his office had proceeded on this matter once before. We hold that the trial judge did not abuse his discretion in denying the request for continuance, *see Jared, supra*, and that the appellant was not prejudiced by the State's failure to provide written notice of the revocation hearing. *Reynolds* v. *State, supra.*

We next address the appellant's contention that the

suspended sentence he received in 1981 was a suspended execution of a ten-year sentence, rather than a suspended imposition of sentence for a period of ten years. He argues that the trial court lacked authority to sentence him to a "new" ten-year sentence at the revocation hearing. We do not agree. The appellant's argument is based on a conflict between two documents: an "order of suspension, suspending imposition of sentence, or of probation," dated July 1, 1981, which provides that "[d]efendant is sentenced to a term of 10 years . . . of which 10 years is suspended," and a judgment, filed July 9, 1981, stating that the appellant's guilty plea had been accepted "and that the imposition of sentence is suspended for a period of ten (10) years. . . ." The judgment clearly indicates that it was imposition of sentence which was suspended. The "order of suspension" dated July 1, 1988, is a multi-purpose form on which the type and duration of sentence is indicated by filled-in blanks, and which includes a statement of the conditions of suspension. We think this "order of suspension" is analogous to the statement of conditions discussed in *Smith* v. *State*, 18 Ark. App. 152, 713 S.W.2d 241 (1986), and we hold that, between these conflicting indications of the sentence imposed, the judgment is controlling. *Id.; see Hunter* v. *State*, 278 Ark. 428, 645 S.W.2d 954 (1983). Because the judgment merely suspends imposition of sentence for a ten-year period, the trial judge was authorized upon revocation to sentence the appellant to ten years imprisonment, a term within the range of sentences which could have been imposed originally for aggravated robbery, the offense on which the suspended imposition was based. Ark. Code Ann. § 5-4-309 (1987); Ark. Stat. Ann. § 41-901 (Repl. 1977).

■ Finally, the appellant contends that the trial court erred in failing to grant credit for time he spent in custody awaiting trial on the aggravated robbery charge that resulted in the suspension. We do not reach this issue because, although the appellant states in his brief that he spent 236 days in jail awaiting trial on the aggravated robbery charge, no such evidence appears in the record of the hearing, and the argument now advanced on appeal was not made to the trial judge. We do not consider issues raised for the first time on appeal, and we do not reverse the trial judge on facts outside the record. *Dillard* v. *State*, 20 Ark. App. 35, 723 S.W.2d 373 (1987).

Affirmed.

CRACRAFT and ROGERS, JJ., agree.