BART F. VIRDEN, Judge
This is an appeal from an order of the Pulaski County Circuit Court denying appellant Markevious King's petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. King raised to the trial court one ground for relief based on allegations of ineffective assistance of counsel: that counsel failed to show a police dash-cam video at the suppression hearing that demonstrated that the stop leading to his search and arrest was without a legal basis. The trial court denied relief without conducting a hearing. King raises his original allegation of ineffective assistance of counsel, and he raises two additional points on appeal: (1) the trial court erred in its determination that when a petitioner has pleaded guilty, the sole issue is whether *167 the plea was made intelligently and voluntarily; and (2) the trial court erred by denying King's request for an evidentiary hearing on his Rule 37 petition and by failing to make sufficient findings of fact. We agree that the trial court erred in both determinations, and we reverse and remand.
I. Relevant Facts
On September 9, 2010, King was charged in the Pulaski County Circuit Court with simultaneous possession of drugs and firearms, possession with intent to deliver cocaine, possession of firearms by certain persons, possession of drug paraphernalia, resisting arrest, and fleeing. He was charged as a small-habitual offender.
On October 6, 2010, King filed a motion to suppress. In the motion, King asserted that the Little Rock Police Department ("LRPD") illegally detained him, violating his Fourth and Fourteenth Amendment rights. King argued that the search that led to his arrest was conducted without his consent and that there was no probable cause to search; he then moved to suppress the introduction of evidence that was allegedly illegally obtained. On May 25, 2011, the trial court held a suppression hearing, and Officer Eric Temple testified that on July 15, 2010, he performed a traffic stop of the vehicle in which King was a passenger because he observed that the car's taillight was broken. Officer Temple testified that as he approached the car he smelled marijuana, and he observed King open the car door and flee on foot. Officer Temple explained that as King exited the car and stood up, a gun fell from King's waistband. Officer Temple testified that he eventually caught up with King and took him into custody. Officer Paris Simmons, who was riding in the patrol car with Officer Temple, also stated that they conducted the traffic stop based on their observation of a broken taillight. Officer Wade Neihouse testified that he arrived at the scene after the stop occurred, that he participated in searching King, and that he found a set of electronic scales in the right-front pocket of King's pants. Officer Neihouse recalled that he observed Officer Robbie Kelley retrieve several clear bags of off-white powder and rocks that he believed to be cocaine. Officer Kelley confirmed that she arrived after the stop occurred and that she also assisted in searching King.
The trial court denied the motion to suppress. Immediately thereafter, the State informed the court that, "[f]or the record, there was video that was taken of the initial stop from Officer Temple's MVR. That has been copied and provided to Defense counsel. Defense counsel did not state whether he had viewed the video or if he had shown it to his client."[1]
On April 25, 2016, King filed a new motion to suppress in which he asserted that the police officers conducted a warrantless search and that evidence was seized during this illegal search in violation of his Fourth and Fourteenth Amendment rights.
On December 15, 2016, King entered a plea statement in which he agreed that he understood the minimum and maximum sentences for the charged offenses and that pleading guilty meant that he had waived any right to a jury trial or to an appeal. King acknowledged that he understood the charges, that he had discussed the case with his attorney, and that *168 he was satisfied with his attorney's representation. King agreed that if his case went to trial, the State could meet its burden of proving his guilt beyond a reasonable doubt.
On January 3, 2017, the trial court held a sentencing hearing at which King requested to withdraw his guilty plea because counsel had misadvised him on parole eligibility. King's request was denied, and the sentencing hearing was continued to the following Tuesday so that newly appointed counsel could "deal with this." Counsel stated, "I've talked to Mr. King before I talked to Mr. Luppen. I have a very good understanding of it. I've read the discovery, I've seen the video, but I don't want to pull the trigger on something too quickly."
King was sentenced to ten years' imprisonment in the Arkansas Department of Correction. On April 19, 2017, King filed a petition for relief from conviction under Arkansas Rule of Criminal Procedure 37.1. In his petition, King alleged that his counsel was ineffective based on his failure to pursue a valid motion to suppress evidence. Specifically, King contended that at the suppression hearing, counsel did not play the police patrol vehicle's dash-cam video of the traffic stop that led to King's search and arrest. King contended that Officers Temple and Simmons testified at the suppression hearing that the broken taillight was the sole reason for performing the traffic stop of the car in which King was a passenger; however, the dash-cam video shows that the taillights were in working order and that there was no legal basis for the stop. King asserted that his counsel's assistance was constitutionally inadequate, and he was prejudiced by his counsel's ineffectiveness because the evidence would have likely been suppressed had the video been shown at the hearing. King asserted that he would not have pleaded guilty but for his counsel's error, and he requested a hearing on the petition.
The trial court denied the request for an evidentiary hearing and denied King's Rule 37 motion on the pleadings. In the order, the trial court found that King entered a negotiated plea, and the sole issue when a guilty plea has been entered is whether the plea was intelligently and voluntarily entered. The trial court found that King admitted in open court that he was guilty, that he understood the charges, that he had not been coerced, that he had talked with his attorney and that he was satisfied with his representation; thus, his request was without merit. King filed a timely notice of appeal.
II. Standard of Review
We do not reverse the denial of postconviction relief unless the trial court's findings are clearly erroneous. Johnson v. State , 2018 Ark. 6, at 2, 534 S.W.3d 143, 146. A finding is clearly erroneous when the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that the trial court made a mistake. Id.
III. Points on Appeal
A. Plea Made Intelligently, Voluntarily, and on the Advice of Competent Counsel
First, we address the trial court's ruling that when a guilty plea has been entered, the only issue that a petitioner can raise regarding counsel's assistance before the plea was entered is that the plea was intelligently and voluntarily made. Our supreme court held in Polivka v. State , 2010 Ark. 152, at 8-9, 362 S.W.3d 918, 925, that "on appeal from the denial of a Rule 37 petition following pleas of guilty, there are only two issues for review-one, whether the plea of guilty was intelligently and *169 voluntarily entered, two, were the pleas made on the advice of competent counsel."
In the instant case, the trial court clearly erred when it failed to address the second prong of the analysis, and we reverse and remand for the trial court to make the proper findings regarding whether King entered his guilty plea on the advice of competent counsel.
B. Hearing Requirement
We now turn to the trial court's denial of King's request for a hearing. Rule 37.3 of the Arkansas Rules of Criminal Procedure provides that an evidentiary hearing should be held in a postconviction proceeding unless the files and record of the case conclusively show that the prisoner is entitled to no relief. Sanders v. State , 352 Ark. 16, 98 S.W.3d 35 (2003). When the trial court concludes, without a hearing, that the petitioner is not entitled to relief, Rule 37.3(a) requires the trial court to make written findings specifying the parts of the record that form the basis of the trial court's decision. Id. If the trial court fails to make such findings, it is reversible error, unless the record before this court conclusively shows that the petition is without merit. Id. It is not incumbent on this court to scour the record to affirm. Turner v. State , 2016 Ark. 96, 486 S.W.3d 757.
The two issues presented by this case are closely related. As we stated above, the trial court found that due to his guilty plea, the only issue King was permitted to raise was whether he knowingly and voluntarily entered his plea; thus, the effectiveness of his counsel before the plea was entered was not an appealable issue. However, as we stated above, the trial court erred by failing to address the second prong of the analysis, and unlike the issue of the voluntariness and willingness of King's plea, it is not clear on the face of the record and files that there is no merit to King's claim of ineffective assistance of counsel. This leads us to King's second point on appeal: whether the trial court erred in denying his request for an evidentiary hearing to review the dash-cam video that the State provided to counsel. King contends that it was erroneous to deny his request for an evidentiary hearing to review the video, because the dash-cam video shows that the stop was illegal; thus, all evidence against King gathered as a result of this stop would have been suppressed had the video been shown to the court. King contends that without the illegally obtained evidence, the outcome of the hearing would have been different, and he would not have pleaded guilty. We hold that under these specific facts, an evidentiary hearing was necessary for the trial court to ascertain the contents of the dash-cam video and to make findings regarding counsel's effectiveness as it relates to the decision not to play the video at the suppression hearing.
The trial court neither conducted an evidentiary hearing nor cited the parts of the record that conclusively showed that King's claim was without merit and that he was not entitled to relief. This is reversible error, and we remand to the trial court to review the dash-cam video at an evidentiary hearing and to make the appropriate findings regarding the effectiveness of counsel.
Reversed and remanded.
Abramson and Hixson, JJ., agree.

The dash-cam video seems to have been a part of the files of the case, but it was not included in the record.