Cite as 2021 Ark. App. 296

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-20-636

|  |  |  |
|---|---|---|
| JERMAINE BOHANON | | **Opinion Delivered** June 2, 2021 |
| | APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. 18CR-14-897] |
| V. | | |
| | | HONORABLE KEITH CHRESTMAN, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Jermaine Bohanon appeals from the Crittenden County Circuit Court's denial of his petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2020). We affirm.

On December 22, 2014, Bohanon pled guilty in the Crittenden County Circuit Court, case No. 18CR-14-897, to possession of a controlled substance, a Class C felony, and furnishing, possessing, or using prohibited articles, a Class B felony. He was sentenced to six years' imprisonment in the Arkansas Department of Correction (ADC) and seventy-two months' suspended imposition of sentence (SIS).

On April 19, 2018, Bohanon was arrested following a traffic stop in which officers found sixty-seven grams of marijuana, twelve grams of powder cocaine, less than two grams of rock cocaine, eight codeine pills, eight cyclobenzaprine pills, a black .44 magnum handgun, digital scales, his driver's license, and his Social Security card in a backpack that was located

under his legs in the vehicle when it was pulled over. On April 1, 2019, the State filed a petition to revoke Bohanon's SIS, alleging that he had violated the terms and conditions of his SIS by failing to pay fines, costs, restitution, and fees and by failing to live a law-abiding life as evidenced by the April 19 arrest. The circuit court held a revocation hearing on April 2, 2019, during which it found that Bohanon had violated the terms of his SIS by committing new crimes. He was sentenced to 180 months' incarceration. He appealed, and his appointed counsel filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). We affirmed the revocation of his SIS on January 15, 2020, in *Bohanon v. State*, 2020 Ark. App. 22, 594 S.W.3d 92.

On February 28, 2020, Bohanon filed in the circuit court a petition for postconviction relief pursuant to Rule 37.1. In his petition, he alleged four instances of ineffective assistance of counsel: (1) counsel failed to move for dismissal of the revocation hearing because it was held more than sixty days after the date of his arrest; (2) counsel failed to object to improper notice of the revocation hearing; (3) counsel failed to proffer excluded evidence; and (4) counsel failed to assert Bohanon's right to allocution before sentencing. The circuit court denied his petition without a hearing in an order issued on May 26. This appeal follows.

We will not reverse a circuit court's decision denying postconviction relief unless the circuit court's findings are clearly erroneous. *King v. State*, 2018 Ark. App. 605, at 5, 566 S.W.3d 165, 168. To prove ineffective assistance of counsel, the petitioner must show that counsel's performance was deficient, meaning counsel's performance fell below an objective standard of reasonableness, and that the deficiency prejudiced the defense. *Jamett v. State*, 2010 Ark. 28, at 3–4, 358 S.W.3d 874, 876–77 (per curiam).

Bohanon's first argument on appeal is that his revocation hearing was not held within sixty days after his arrest, in violation of Arkansas Code Annotated section 16-93-307 (Repl. 2016). While his petition for postconviction relief presented this argument as a matter of ineffective assistance of counsel, on appeal Bohanon never mentions ineffective assistance when arguing for reversal based on the statute's sixty-day requirement. Instead of applying the appropriate tests and standards for analyzing a claim of ineffective assistance, Bohanon's brief simply asserts that his hearing was held more than sixty days after he was arrested on the new charges. While such an argument may be appropriate for direct appeal, it is not cognizable as a basis for postconviction relief under Rule 37. *Ortega v. State*, 2017 Ark. 365, at 2, 533 S.W.3d 68, 71 ("Assertions of trial-court error, even those of constitutional dimension, must be raised at trial and on direct appeal."). By converting his argument from one of ineffective assistance of counsel to a direct challenge to the timeliness of his hearing, Bohanon has abandoned his ineffective-assistance argument.

Moreover, because he failed to address the elements necessary for demonstrating ineffective assistance, Bohanon has not presented a persuasive argument that would warrant reversal. Effectiveness of counsel is assessed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. There is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and the petitioner has the burden of overcoming this presumption. *Hayes v. State*, 2011 Ark. 327, at 2, 383 S.W.3d 824, 827. The petitioner must then

demonstrate that counsel's deficient performance prejudiced his defense, such that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.*

The Arkansas Supreme Court has held that "the petitioner bears the burden of overcoming a presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Howard v. State*, 367 Ark. 18, 32, 238 S.W.3d 24, 35 (2006); *Miller v. State*, 2020 Ark. App. 270, at 4, 599 S.W.3d 398, 401. The petitioner must identify specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Isom v. State*, 2010 Ark. 495, at 2–3, 370 S.W.3d 491, 492–93. In appeals of postconviction proceedings, this court will not reverse a circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. *State v. Brown*, 2009 Ark. 202, at 8, 307 S.W.3d 587, 593.

Even assuming that Bohanon intended to present his argument about the timeliness of the hearing as an ineffective-assistance issue, he has not demonstrated that counsel's failure to object to the timing of the hearing amounts to ineffective assistance. For example, Bohanon has not addressed whether counsel's decision not to raise this issue before the circuit court could have been the result of the attorney's reasoned professional judgment. The State argues that the time limit provided in section 16-93-307 begins to run when "[a] defendant [is] arrested for violation of suspension or probation," not when, as here, the defendant is arrested on new crimes that then form the basis for a revocation petition. Ark. Code Ann. § 16-93-307(a)(1). Moreover, the State contends that the statute is aimed at preventing people from languishing in jail for extended periods of time while awaiting a revocation hearing, but

where, as in this case, the probationer was not confined due to a revocation hold but was instead incarcerated on other charges, failing to hold the hearing within sixty days does not prejudice the defendant. *Green v. State*, 29 Ark. App. 69, 70, 777 S.W.2d 225, 226 (1989). Because Bohanon has provided no argument as to whether counsel's actions fell within the wide range of reasonable professional assistance and has not demonstrated prejudice from counsel's failure to object, his apparent abandonment of his ineffective-assistance argument renders his arguments about the timeliness of the hearing meritless.

Bohanon's second point on appeal challenges the sufficiency of the notice he received regarding his revocation hearing. Again, the majority of Bohanon's appellate argument regarding notice consists of impermissible direct attacks on the validity of the revocation order rather than allegations of ineffective assistance of counsel. Bohanon makes a single mention of his attorney's performance, arguing that "counsel should have objected and moved for dismissal" based on insufficient notice, but he again fails to address or apply the relevant legal standards necessary for an ineffective-assistance claim. Bohanon's argument regarding the notice he received prior to the hearing falls far short of demonstrating ineffective assistance of counsel. Among other shortcomings, Bohanon's notice argument fails to assert that counsel's performance was outside the scope of reasonable professional judgment and fails to demonstrate that the alleged deficiency prejudiced him.

Third, Bohanon argues that he was not afforded the opportunity to make an allocution statement during his revocation hearing. As with the previous claims, Bohanon does not present this as an ineffective-assistance issue and instead treats it as a direct attack on the revocation order. This argument fails for the same reasons set out above.

As to all three points on appeal, Bohanon has either abandoned his ineffective-assistance argument or fatally failed to develop the legal analysis related to counsel's alleged shortcomings. We therefore affirm the circuit court's denial of his petition for postconviction relief.

Affirmed.

GLADWIN and BROWN, JJ., agree.

*Jermaine Bohanon*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.