SLIP OPINION



Cite as 2015 Ark. App. 613

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-15-241

| | | |
|---|---|---|
| | | Opinion Delivered OCTOBER 28, 2015 |
| JOHN DAVID ROSS | APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. CR-13-512] |
| V. | | |
| | | HONORABLE MARCIA R. HEARNSBERGER, JUDGE |
| STATE OF ARKANSAS | APPELLEE | |
| | | AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant John David Ross was convicted by a jury in Garland County of sixteen

counts of possessing or viewing matter depicting sexually explicit conduct involving a child,[1]

one count of permitting abuse of a minor,[2] and one count of bestiality.[3]  The charges arose

---

[1]Ross was charged with violating Arkansas Code Annotated section 5-27-602(a)(2) (Repl. 2013) by, either alone or with another person, knowingly possessing or viewing images that depict a child engaging in sexually explicit conduct.

[2]Ross was charged with the Class B felony of permitting abuse of a minor because the abuse was alleged to be sexual intercourse or deviate sexual activity.  Appellant was accused of being a parent who "recklessly fails to take action to prevent abuse of a minor."  Arkansas Code Annotated section 5-27-221(a) (Repl. 2013).  It is a defense to this crime if the parent "takes immediate steps to end the abuse of the minor, including prompt notification of a medical or law enforcement authority, upon first knowing or having good reason to know that abuse has occurred."  *Id.* at subsection (b).

[3]Ross was charged with violating Arkansas Code Annotated section 5-14-122(b) (Repl. 2013) as an accomplice to another person who "performs or submits to any act of sexual gratification with an animal involving his or her or the animal's sex organs and the mouth, anus, penis, or vagina of the other."

SLIP OPINION

from Ross's possessing or viewing multiple child-pornography images and videos located on Ross's laptop computer and cellular telephone; Ross's permitting his girlfriend to sexually abuse his fourteen-year-old son; and Ross's participating with his girlfriend in her acts of bestiality with his son's dog. Ross was sentenced to 180 years in prison. Appellant challenges the sufficiency of the evidence supporting the convictions, and he challenges the trial court's evidentiary ruling that excluded hearsay statements from Ross's girlfriend, Amanda Hartle. We hold that appellant failed to preserve his challenge to the sufficiency of the evidence for appellate review, and we affirm the trial court's evidentiary ruling because appellant failed to demonstrate an abuse of the trial court's discretion. We therefore affirm appellant's convictions.

In a jury trial, a motion for directed verdict is a challenge to the sufficiency of the evidence. *Baughman v. State*, 353 Ark. 1, 110 S.W.3d 740 (2003). Arkansas Rule of Criminal Procedure 33.1 outlines the requirements of a motion for directed verdict at a jury trial:

> (a) In a jury trial, if a motion for directed verdict is to be made, it shall be made at the close of the evidence offered by the prosecution and at the close of all of the evidence. A motion for directed verdict shall state the specific grounds therefor.
>
> . . . .
>
> (c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support a verdict or judgment. A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. A renewal at the close of all of the evidence of a previous motion for directed verdict or for dismissal preserves the issue of insufficient evidence for appeal. If for any reason a motion or a renewed motion at the close of all of the evidence for directed verdict

or for dismissal is not ruled upon, it is deemed denied for purposes of obtaining appellate review on the question of the sufficiency of the evidence.

The plain language of Rule 33.1 requires that a motion for directed verdict be renewed at the close of all the evidence, and failure to do so operates as a waiver of any question pertaining to the sufficiency of the evidence to support the guilty verdicts. *Chunestudy v. State*, 2012 Ark. 222, 408 S.W.3d 55; *Davis v. State*, 2009 Ark. 478, 348 S.W.3d 553. This renewal is more than a matter of mere form; it goes to the substance of the evidence arrayed against a defendant. *Flowers v. State*, 362 Ark. 193, 208 S.W.3d 113 (2005). We interpret Rule 33.1 strictly. *Williamson v. State*, 2009 Ark. 568, 350 S.W.3d 787.

Appellant moved for directed verdict—albeit very generally—at the close of the State's case. The trial court denied the motion, the defense presented its case, and then the defense rested. There was no renewal of the motion for directed verdict. Appellant's failure to renew the motion for directed verdict at the close of the evidence constituted a waiver of any sufficiency-of-the-evidence issue on appeal. *See Doss v. State*, 351 Ark. 667, 97 S.W.3d 413 (2003).

Appellant's other argument on appeal is that the trial court abused its discretion in sustaining the State's hearsay objection and preventing the defense from using a notarized letter from appellant's girlfriend, Amanda Hartle. Evidentiary matters regarding the admissibility of evidence are left to the sound discretion of the trial court. *Dednam v. State*, 360 Ark. 240, 200 S.W.3d 875 (2005). We will not reverse a trial court's ruling on a hearsay question unless the appellant demonstrates that the trial court abused its discretion.

*Id.* We hold that appellant has failed to demonstrate an abuse of discretion on the trial court's part.

An amplification of the facts is necessary to explain our decision. Hartle was not available to appear as a witness. She was facing a separate trial on criminal charges similar to appellant's, and she invoked her Fifth Amendment right against self-incrimination.

The State put on evidence that Hartle lived with appellant at his Hot Springs home. Appellant testified to Hartle's proclivity for extreme, and sometimes criminal, sexual behaviors. He stated that she was an alcoholic and attracted to perverse behaviors. Appellant gave a statement to an investigator in which he admitted that there was child-pornography on his home computer, that he and Hartle looked at it, and that they were aroused by it. Appellant testified that Hartle alone was responsible for downloading the child pornography onto his computer and cell phone against his wishes, for routinely parading around the house without a shirt on, for performing sexual acts on his young teenage son, and for committing acts of bestiality that were photographed with appellant's cell phone. Appellant admitted that he had not reported Hartle's sexual abuse of his son to anyone; he wanted to protect his girlfriend. He further admitted that he assisted Hartle with one episode of bestiality but that he felt dirty for doing it.

April Hardy Raines (Ross's and Hartle's friend) testified for the defense, blaming Hartle for "all of this." Raines testified that Hartle often made her uncomfortable by walking around

the house in states of undress and by showing her child pornography on the computer. Raines said that she had "physical evidence" of Hartle downloading child pornography by virtue of a "written letter." This drew a State's objection. Defense counsel stated, "I know you're gonna declare it inadmissible—we need to proffer it."

In Hartle's signed, notarized, hand-written statement, Hartle took responsibility for her role in these crimes, blamed herself, and tended to pull blame away from appellant. Appellant did proffer the evidence at the end of trial as Defendant's Exhibit 1, arguing that the letter's contents should fall within an exception to the hearsay rule under Arkansas Rules of Evidence 803(23), 804(b)(3), and 804(b)(5). The State responded that this was inadmissible hearsay, not falling within any hearsay exception because it was not trustworthy or exculpatory.

On appeal, appellant focuses on Rule 804(b)(3), the "statement against interest" exception, which provides that evidence from an unavailable declarant is not excluded by the hearsay rule if it is:

> A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability or to render invalid a claim by a him against another or to make him an object of hatred, ridicule, or disgrace, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offering to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement. A statement or confession offered against the accused in a criminal case, made by a codefendant or other person implicating both himself and the accused, is not within this exception.

Appellant acknowledges that our supreme court has stated that the proponent must show (1) that the declarant is unavailable, (2) that the statement at the time of making so far

SLIP OPINION

tended to subject him to criminal liability that a reasonable person in the declarant's position would not have made the statement unless he believed it to be true, and (3) that corroborating circumstances clearly indicate the trustworthiness of the statement. *Winters v. State*, 2013 Ark. 193, 427 S.W.3d 597; *Williford v. State*, 300 Ark. 151, 777 S.W.2d 839 (1989). Absent an abuse of discretion, we will not reverse a trial court's ruling on the admissibility of a statement against interest. *Winters*, *supra*.

We hold that appellant has failed to show an abuse of discretion. The letter authored by Hartle implicates both her and appellant, and thus does not come within this hearsay exception. Where accomplices are involved, a statement against interest that does not entirely exculpate the defendant cannot fall within this exception. *See Lacy v. State*, 2010 Ark. 388, 377 S.W.3d 227; *Cox v. State*, 345 Ark. 391, 47 S.W.3d 244 (2001). A review of the contents of Hartle's letter shows that Hartle claimed the following: that she had a drinking problem and would behave badly when intoxicated; that she had talked appellant into participating with her in acts of bestiality; that appellant had filmed her sexually abusing his son; and that she felt more responsible for all the criminal acts for which appellant was being tried. This did not, however, exculpate appellant as an accomplice to these acts. An admission by one accomplice does not exculpate the other. *Davis v. State*, 2014 Ark. 17; *Winters*, *supra*; *Branstetter v. State*, 346 Ark. 62, 57 S.W.3d 105 (2001). The statements of accomplices "fail decidedly to meet the test of having corroborating circumstances that clearly indicate the trustworthiness of the statement." *Tillman v. State*, 275 Ark. 275, 284, 630



S.W.2d 5, 10 (1982). The exception to the prohibition against hearsay simply does not apply here, and thus appellant fails to show that the trial court abused its discretion.

Appellant's convictions are affirmed.

ABRAMSON and VAUGHT, JJ., agree.

*Digby Law Firm*, by: *Bobby R. Digby II*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.