
# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR–16–713

JOHN DAVID ROSS

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**OPINION DELIVERED:** APRIL 19, 2017

APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT
[NO. 26CR-13-512]

HONORABLE MARCIA R. HEARNSBERGER, JUDGE

AFFIRMED; MOTION DENIED

## ROBERT J. GLADWIN, Judge

Appellant John David Ross filed a petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure (2016). The Garland County Circuit Court denied the petition. Ross appeals, arguing that the circuit court erred in denying his amended petition under Arkansas Rule of Criminal Procedure 37 without holding an evidentiary hearing. We assumed this appeal pursuant to *Barnes v. State*, 2017 Ark. 76 n.1, ___ S.W.3d ___ n.1 (per curiam). For the reasons stated below, we affirm the trial court's denial of postconviction relief.

A Garland County jury convicted Ross of sixteen counts of possessing or viewing matter depicting sexually explicit conduct involving a child, one count of permitting abuse of a minor, and one count of bestiality. At the jury's recommendation, the circuit court ordered that Ross's sentences be served consecutively, and he received a cumulative maximum sentence of 180 years in the Arkansas Department of Correction pursuant to a

sentencing order filed on October 7, 2014. This court affirmed Ross's convictions in an opinion issued on October 28, 2015. *See Ross v. State*, 2015 Ark. App. 613, 474 S.W.3d 539. The mandate from that appeal was filed on November 19, 2015.

With the assistance of counsel Ross filed a timely petition for relief under Rule 37 on January 15, 2016, with the Garland County Circuit Court, which alleged numerous errors by trial counsel and contained a proper verification. He also filed a motion for leave to file an amended and enlarged Rule 37 petition on the same date, and that motion was granted by an order filed by the circuit court on January 19, 2016. Ross filed an amended petition on February 25, 2016, and the State filed a response on March 24, 2016. The circuit court did not hold a hearing on the matter, but instead, following the parties' submissions, entered a ten-page written order that denied relief on May 10, 2016. The trial court relied on the parties' pleadings, as well as an extensive review of the trial record, and concluded that the mistakes Ross alleged trial counsel had made would have been meritless and otherwise would not have changed the outcome of his trial. On appeal, Ross repeats some, but not all, of the claims raised below and argues that the trial court erred by denying these claims for relief. The arguments that were made below but not raised on appeal are considered abandoned. *State v. Grisby*, 370 Ark. 66, 69, 257 S.W.3d 104, 107 (2007).

This court will not reverse the trial court's decision granting or denying postconviction relief unless it is clearly erroneous. *Walden v. State*, 2016 Ark. 306, at 2–3, 498 S.W.3d 725, 728–29 (per curiam); *Kemp v. State*, 347 Ark. 52, 55, 60 S.W.3d 404, 406 (2001). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm

conviction that a mistake has been committed. *Walden*, 2016 Ark. 306 at 2–3, 498 S.W.3d at 728–29. When considering an appeal from a trial court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on the totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *ld*. Under the two-prong standard outlined in *Strickland*, to prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Id*. The reviewing court must indulge in a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. The petitioner claiming ineffective assistance of counsel has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Id*. The second prong requires a petitioner to show that counsel's deficient performance so prejudiced his defense that he was deprived of a fair trial. *Id*. Consequently, the petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Id*. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id*. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id*.

A person seeking postconviction relief on a claim of ineffective assistance that is based on the failure of counsel to make a motion or objection must show that counsel could have made a successful argument in order to demonstrate the prejudice required under the *Strickland* test. *Breeden v. State*, 2014 Ark. 159, at 6–7, 432 S.W.3d 618, 624 (per curiam). Failure to make a meritless objection or motion does not constitute ineffective assistance of counsel. *Id.*; *Greene v. State*, 356 Ark. 59, 70, 146 S.W.3d 871, 880 (2004).

Rule 37.3(c) provides that an evidentiary hearing should be held in a postconviction proceeding unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *See Wooten v. State*, 338 Ark. 691, 1 S.W.3d 8 (1999). The circuit court, in its discretion, can deny postconviction relief without a hearing if it concludes that the petitioner is entitled to no relief. *Mancia v. State*, 2015 Ark. 115, 459 S.W.3d 259. Rule 37.3(a) states that

> [i]f the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief, the trial court shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings.

Without the specific findings, there can be no meaningful review in this court, because this court determines whether the findings are supported by a preponderance of the evidence. *Rackley v. State*, 2010 Ark. 469 (per curiam). We are not required to scour the record in a Rule 37.1 appeal to determine if the petition is wholly without merit when there are no written findings. *Id.* When a hearing is not held, it is the function of the circuit court to make written findings. *Id.*

Before addressing Ross's arguments on appeal, it is necessary to review the evidence adduced at his trial. The trial record demonstrates that at trial, the State presented evidence

4

from Agent Chris Cone of the Attorney General's Cyber Crimes Unit that Ross confessed to viewing child pornography and that he knew that his codefendant, Amanda Hartle, had sexual relations with Ross's minor son. The State also presented evidence from Agent Jeff Shackleford, a forensic analyst in the Cyber Crimes Unit, about the contents of a computer and phone found at Ross's residence. Ross's minor son, M.S., also testified about having oral sex with Hartle. The evidence included pornographic images of children contained on Ross's laptop computer and cell phone; Ross's allowing his girlfriend to sexually abuse his fourteen-year-old son; and Ross's participating with his girlfriend in her acts of bestiality with his son's dog.

I. *Was a Hearing Required on Counsel's Failure to Subpoena Hartle at Trial?*

Ross initially notes that his trial counsel erroneously failed to subpoena Hartle to testify at trial. His Rule 37 petition alleged that Hartle would testify at the Rule 37 hearing that she had written a letter accepting responsibility for at least some of the child pornography Ross was convicted of possessing or viewing and would have so testified at his trial if trial counsel had subpoenaed her. Hartle allegedly also would have testified that Ross told her not to download illegal pictures on his computer.

The circuit court found that trial counsel was not ineffective because Hartle had previously indicated her desire to invoke her Fifth Amendment privilege, and the issue had been decided on direct appeal.[1] Ross argues that the circuit court was wrong on both accounts.

---

[1] In the direct appeal of Ross's case, our court explained that, with respect to the court's affirming the circuit court's determination to not allow Hartle's notarized letter, "Hartle was not available to appear as a witness. She was facing a separate trial on criminal

Ross's claim for counsel's failure to subpoena Hartle is conclusory and insufficient for Rule 37 relief. *See Jones v. State*, 2009 Ark. 308 (per curiam). Ross claims that "a witness's desire to invoke her Fifth Amendment privilege in advance of trial does not demonstrate conclusively that she would have done so at trial," but he fails to support this claim with any logical argument or citation to authority. *Ortega v. State*, 2016 Ark. 372, at 6, 501 S.W.3d 824, 828. Conclusory statements, without more, cannot form the basis for postconviction relief. *Hooks v. State*, 2015 Ark. 258, at 7, 465 S.W.3d 416, 421 (per curiam).

Alternatively, the circuit court did not err in denying relief based on Hartle indicating at a pretrial hearing that, on the advice of counsel, she would invoke her Fifth Amendment privilege against self-incrimination and refuse to testify. Hartle had expressed her intention in separate proceedings before the circuit court to invoke her Fifth Amendment privilege against self-incrimination and not testify in Ross's trial. The circuit court's written findings were sufficient to satisfy the requirements of Rule 37.3(c) and *Mancia*, *supra*.

II. *Was a Hearing Required Regarding Counsel's Failure to File Meritorious Pretrial Motions?*

A. Motion to Exclude Rule 404(b) Evidence

Ross next argues that his trial counsel erroneously failed to file a motion to exclude evidence that Ross claims was substantially more prejudicial than probative and not admissible for any purpose under Arkansas Rule of Evidence 404(b). Ross was charged with possession of child pornography, bestiality, and permitting the abuse of a minor. Trial

---

charges similar to [Ross's], and she invoked her Fifth Amendment right against self–incrimination." *See Ross*, 2015 Ark. App. 613, at 4, 474 S.W.3d at 542. This court's previous opinion operates as law of the case with respect to this particular issue.

counsel allowed the admission of evidence of bestiality websites and evidence of consensual sexual encounters between Hartle and other people, which were recorded by Ross. Included was evidence that Ross enjoyed having Hartle urinate on him, that he allowed Hartle to have sex with other people, that the two of them would have sex together with other people, and that Ross would record these sexual encounters. Regarding the bestiality charge, the State introduced testimony that there were videos of sex with dogs that did not involve Ross and an online user profile of Ross on a website for animal-sex lovers.

Ross claims that the circuit court erred in ruling that Ross was not entitled to relief on this issue because trial counsel could have directly appealed the ruling permitting the evidence and because the evidence was admissible regardless. At a minimum, Ross asks this court to remand for a hearing at which trial counsel could explain his failure to object.

We disagree, noting that trial counsel cannot be ineffective for failing to make a meritless objection. *See Greene, supra.* Ross claims that evidence of bestiality websites and Ross's user profile connected with a website devoted to animal-sex lovers, as well as videos of sexual encounters between Ross's girlfriend and other individuals other than his fourteen-year-old son, was not relevant to the charges against him; his claim is misplaced. *See Steele v. State*, 2014 Ark. App. 257, 434 S.W.3d 424 (evidence of pornographic images depicting minors engaged in sexually explicit acts was relevant to show knowledge, intent, and absence of mistake or accident and was thus properly admitted under Rule 404(b)). The fact that both Ross's laptop computer and cell phone contained multiple images, websites, and videos connected to his alternative lifestyle was highly probative of the issue of whether he knowingly possessed and viewed the materials contained there, and the circuit court so

found. Because the circuit court's written findings were sufficient to satisfy the requirements of Rule 37.3(c) and *Mancia, supra,* we hold that the circuit court did not err in denying a hearing on this claim.

### B. Motion to Suppress Ross's "Second Statement"

Ross next argues that trial counsel erroneously failed to move to suppress his "second statement" to police during which he made additional incriminating statements. He claims that there were two statements taken during his arrest and acknowledges that he was Mirandized before the first statement; however, he was not re-Mirandized prior to the "second statement." Ross maintains that it was not he, but Agent Cone who reinitiated the conversation. Accordingly, he claims that the incriminating statements made by him at that time should have been suppressed. Our supreme court has repeatedly held that an accused's statement made while in custody is presumed involuntary and that the State must prove by a preponderance of the evidence that any statement was made voluntarily, knowingly, and intelligently. *See Brown v. State,* 347 Ark. 44, 60 S.W.3d 422 (2001). The State was never forced to meet this burden because trial counsel never filed a motion to suppress. At a minimum, Ross asks this court to remand for a hearing to determine whether the statements would have been suppressed after developing the facts of the encounter. The statements elicited in the second interrogation were that (1) Ross knew Hartle had sexual relations with his son; (2) Ross has video of Hartle performing oral sex on his son; (3) Ross did not confront Hartle about the video; and (4) Ross admitted he was aware that the child pornography aroused Hartle, which aroused him. Ross urges that, without question, the exclusion of these extremely incriminating statements would have benefited him.

We find no merit in Ross's argument. As the circuit court noted in its order, Ross failed to plead any evidence in his petition to support his contention that the statement he gave to investigators should have been suppressed. Ross does not challenge the fact that he was properly Mirandized when investigators first interviewed him. He also concedes that, in his statement to investigators, he admitted he knew Hartle had sexual relations with his fourteen-year-old son, that he had a video of Hartle performing oral sex on his son, and that he was aware that child pornography aroused Hartle, which aroused him. While Ross claims that these admissions came in a separate second statement to investigators, prior to which he was not re-Mirandized, our review of the testimony in the record included Agent Cone's testimony regarding the encounter with Ross and his recorded statement where Ross reinitiated the conversation with him. Thus the conflicting testimony was a matter of credibility between Ross and Agent Cone. Absent any pleaded facts as to *why* a motion to suppress would have been warranted, this allegation fails because it is conclusory. Additionally, the circuit court properly found, based on the record, that the claim was meritless. We agree and affirm.

III. *Was a Hearing Required on Counsel's Failure to Subject State's Case to Adversarial Testing?*

A. Failure to Know Relevant Law

The circuit court did not hold a hearing on the issue of trial counsel's failure to know the relevant law on multiple occasions, which Ross claims all served to deprive him of a fair trial. Trial counsel, during a debate over the admission of Hartle's letter that included exculpatory information, erroneously cited the Federal Criminal Rules as a basis to admit the evidence. Also, a few days prior to trial, trial counsel responded to a question from the

circuit court that he was not sure what Ross had been charged with regarding the child pornography charges. Ross submits that during trial, trial counsel demonstrated his lack of knowledge regarding how to make a record and the purpose of a bench conference. Finally, trial counsel was prepared to present a defense that was contrary to the law. Ross acknowledges that the law does not allow an ignorance-of-the-law defense, *see Owens v. State*, 354 Ark. 644, 665, 128 S.W.3d 445, 458 (2003), and Arkansas Code Annotated section 5-2-206(b) (Repl. 2013); however, Ross maintains that is precisely what trial counsel attempted to argue in voir dire and presumably had selected as a trial strategy. Because the court made it clear that ignorance of the law is not a defense, Ross's trial counsel was presumably forced to change his trial strategy during the trial. Ross maintains that had he had capable and learned counsel in the law there is a reasonable probability that a juror would have found him not guilty, or, at a minimum, given him a lesser prison sentence.

There is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance. *Wertz v. State*, 2014 Ark. 240, at 3, 434 S.W.3d 895, 900. Although Ross's counsel on appeal cites instances in which trial counsel purportedly did not know the "relevant law," trial counsel's strategy of blaming Hartle is endorsed in Ross's amended Rule 37 petition, but with the added benefit of hindsight. Matters of trial tactics and strategy are not grounds for postconviction relief. *Hartman v. State*, 2017 Ark. 7, at 4, 508 S.W.3d 28, 32. The circuit court also found that Ross's vague claim was not cognizable in a Rule 37 proceeding; consequently, Ross's argument is unavailing and the circuit court's decision to deny a hearing on this claim is affirmed. Despite Ross's multiple citations to federal cases in which courts have found that decisions based on

misunderstandings of law are not strategic decisions and are bases for ineffective-assistance-of-counsel holdings, we hold that he has failed to demonstrate reversible error on this point.

### B. Failure to Make a Proper Directed-Verdict Motion

Ross next argues that trial counsel erroneously failed to make a proper directed-verdict motion pursuant to the requirements of Arkansas Rule of Criminal Procedure 33.1. At the close of the State's case, trial counsel stated,

> MR. RHODES: My understanding was to preserve prior objections and things like that that we need to make a motion for directed verdict, that the State has not met their burden of proof for any of these charges, specifically, the bestiality charge. I'm not sure how that relates to the Defendant. I don't see any proof that he's in that photo—I know it's a misdemeanor count—but that seems to be not sufficient evidence to go to the jury with what they've got.
>
> THE COURT: Denied.

Ross argues that this was "woefully insufficient" to preserve any aspect of the motion for directed verdict because trial counsel did not mention the majority of charges against him by name. Regardless, he notes that this court ruled on direct appeal that trial counsel failed to renew his motion. *See Ross*, *supra*.

Ross maintains that prejudice exists because a proper motion for directed verdict would have been meritorious. In a case of constructive possession, the State must establish that (1) the accused exercised care, control, and management over the contraband, and (2) the accused knew the matter possessed was contraband. *Stanton v. State*, 344 Ark. 589, 599, 42 S.W.3d 474, 481 (2001). Additionally, in a joint-occupancy situation, there must be an additional link between the accused and the contraband. *Osborne v. State*, 278 Ark. 45, 50, 643 S.W.2d 251, 253 (1982). He claims that these facts are similar to those in *Kastl v. State*, 303 Ark. 358, 361, 796 S.W.2d 848, 850 (1990), where our supreme court held that even

though there were beer cans beside the vehicle Kastl was in, that beer was found in the immediate proximity to the appellant, and that the appellant's breath smelled of alcohol, there was not sufficient evidence that the beer in the vehicle was in his possession. *Id.* Here, even though Ross admitted viewing child pornography, he claims that there was insufficient evidence that he was connected to the particular photographs at issue. He urges that it was a joint-occupancy situation and that there was no proof of the required additional link between the pornography and him. Thus, Ross submits that the circuit court would have granted a directed verdict on the child-pornography charge.

Ross's claim that trial counsel failed to make a proper directed-verdict motion was not raised in his amended Rule 37 petition, which contains a footnote at page 11 stating that "Petitioner asserts previously in this petition that [trial counsel] did not make an [sic] sufficient directed[-]verdict motion and that this argument assumes, for sake of argument, that this Court finds that the directed[-]verdict [sic] was sufficient." An examination of Ross's original Rule 37 petition and the amended Rule 37 petition does not reveal an ineffective-assistance-of-counsel claim regarding trial counsel's directed-verdict motion; however, the circuit court considered, and rejected, the claim, apparently because we had noted in our opinion on Ross's direct appeal that the sufficiency-of-the-evidence argument was barred from appellate review. *See Ross*, 2015 Ark. App. 613, at 2–3, 474 S.W.3d at 541.

Notwithstanding the fact that Ross did not raise this allegation of ineffectiveness in his pleadings below, we hold that trial counsel's failure to make an adequate directed-verdict motion did not result in prejudice because the evidence of his guilt was so overwhelming we cannot conclude that the outcome of the trial would have been any different if a proper

motion for directed verdict had been made. *See Dodge v. State*, 2014 Ark. 116, at 4 (per curiam).

Ross's argument ignores the facts adduced in the State's case-in-chief. At trial, Agent Cone testified that he had extensive training and experience regarding crimes involving the sexual exploitation of children, including those areas involving the use of computer-file sharing over the internet. He described the process whereby different file-sharing networks are installed and used to receive, share, or disseminate child pornography. In this case, he located a secured network using a computer owned by Ross on which there were downloaded images known by their file characteristics to be that of sexually exploited children.

Agent Cone's investigation led him to the physical address of Ross's residence in Hot Springs, where, after further investigation, he sought and obtained a search warrant for the search and seizure of devices that were known to contain child-pornography files. Agent Cone, in conjunction with the Hot Springs Police Department, conducted a search of Ross's residence where they located and seized a Compaq laptop computer located in Ross's bedroom. Agent Cone conducted a forensic search of the computer at Ross's residence and determined that it was the device that contained the images previously recognized as involving child exploitation.

After Agent Cone informed Ross of his Miranda rights, Ross acknowledged that he understood those rights, waived them, and agreed to speak with Agent Cone. In his statement to Agent Cone, Ross admitted establishing several different file-sharing network programs on his computer under his personal, password-encrypted account. He told Agent

Cone that he did so to access different types of pornography, and during his "research" he came across images involving child pornography and downloaded those images for his own "edification." Ross also admitted that both he and Hartle downloaded and watched the videos together.

Agent Shackleford also testified for the State as to his extensive training and experience in conducting forensic searches of devices capable of downloading images, and, in this case, the images of sexually exploited children contained on the computer and cell phone owned by Ross. Agent Shackleford testified that his search of Ross's computer and cell phone yielded numerous file images whose names alluded to different sexual acts that included sex with children, with animals, and between adults. In the pictures directory, Agent Shackleford located at least sixty-eight files that he believed were relevant to the case.

Among those files were images or videos of Ross engaged in sexual acts with a dog, along with Hartle, who was also charged. Hartle was also identified in video files downloaded onto Ross's computer and contained in a webcam folder that showed Hartle engaged in sexual acts with Ross's minor son. Of the sixty-eight video files retrieved from Ross's computer whose names included terms common to files containing the sexual exploitation of children, Agent Shackleford testified that there were sixteen files where he could clearly determine that prepubescent children were involved.

Ross's admission that he owned the computer and cell phone that contained the images and videos, that he set up file-sharing networks, searched for, and viewed video files containing children engaged in sexually explicit conduct all constituted substantial evidence that he violated Arkansas Code Annotated section 5-27-602 (Repl. 2013) by possessing or

viewing matter depicting sexually explicit conduct involving a child. His claim that Hartle was responsible for the illicit files on his computer and cell phone was a matter of credibility, and therefore, an issue to be resolved by the jury. *Steele*, *supra*. Even without Ross's admission, the State proved that the computer belonged to Ross and that he exercised ownership, dominion, and control over it. *See id*. The foregoing constituted not just substantial, but overwhelming, evidence of Ross's guilt on the charges. Thus, the failure to properly raise a sufficiency-of-the-evidence challenge did not prejudice Ross, and we reject his ineffective-assistance-of-counsel argument on this issue.

### C.  Failure to Object to Expert Witness Testimony

Ross's final argument is that trial counsel erroneously failed to object to the testimony of Agent Shackleford, a forensic-computer expert whose testimony referred to the cell phone located on top of a bathroom toilet in Ross's residence as belonging to Ross. Ross submits that Agent Shackleford did not have any personal knowledge that the phone belonged to Ross, and that without personal knowledge of the phone's owner, Agent Shackleford was not able to lay a sufficient foundation of the phone's contents against Ross. He urges that the phone's contents should not have been admitted pursuant to Arkansas Rule of Evidence 602 (2014). But because trial counsel failed to object to the introduction of the evidence, Agent Shackleford was permitted to testify in a manner that gave the impression that the phone belonged to Ross. Agent Shackleford testified the phone contained pictures of a woman engaging in bestiality, photographs of a woman urinating into a bowl, and pictures of young boys. Ross urges that the testimony is not only extremely prejudicial but that it also served to connect Ross with the computer images for which he

was ultimately convicted. Ross argues that this evidence should never have been admitted and that the prejudice is clear from his conviction and resulting maximum sentence.

While our review of the circuit court's order denying relief does indicate that the circuit court was skeptical as to whether such an objection would have even been sustained, we note that it ruled that Ross had failed to demonstrate *Strickland*–type prejudice regarding the admission of the evidence retrieved from the cell phone. We hold that the circuit court's ruling was correct.

Furthermore, our review indicates that Ross ignores that Agent Shackleford examined Ross's laptop first and only then examined the cell phone, which he discovered contained similar sexually-explicit images as those contained on the laptop. They included sexually-explicit images of both Hartle and Ross's minor son. Regarding Ross's assertion that there was "no foundation" for the admission of evidence contained on the cell phone, and the lack of evidence that Ross acknowledged that the cell phone belonged to him, we hold that the lack of a specific reference in Agent Shackleford's testimony as to the connection between Ross's laptop computer and the cell phone discovered at his residence is not reversible because, at most, it constitutes cumulative evidence. Thus, any objection to Agent Shackleford' s testimony regarding the cell phone and the images he recovered from it would have been overruled. Because counsel cannot be ineffective for failing to raise a meritless objection, *see Greene*, *supra*, the circuit court's decision to deny a hearing on this claim should be affirmed.

Here, although the circuit court did not hold a hearing, it did review the trial record and issued an order setting out each of Ross's claims, applied the standard set forth in

*Strickland*, and explained the reasoning for denying each claim in his amended petition. The trial court's written findings as set out in its order complied with Rule 37.3(c).

Affirmed; motion denied.

GRUBER, C.J., and VAUGHT, J., agree.

*James Law Firm*, by: *Bobby R. Digby II*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.