IT IS SO ORDERED.
Shreck filed a timely notice of appeal on April 17, 2018.
II. Standard of Review
We do not reverse the denial of postconviction relief unless the circuit court's findings are clearly erroneous. King v. State , 2018 Ark. App. 605, at 3, --- S.W.3d ----, ----. A finding is clearly erroneous when the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that the circuit court made a mistake. Id.
III. Discussion
Shreck first asserts to this court that this entire case should be reversed and remanded because the court below erroneously failed or refused to render findings of fact and conclusions of law in compliance with Ark. R. Crim. P. 37.3 in its order denying relief. Rule 37.3(a) provides: "If the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief, the circuit court shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." Rule 37.3(c) also provides in relevant part that "[w]hen a petition is filed in the circuit court and the court does not dispose of the petition under subsection (a) hereof, ... [t]he court shall determine the issues and make written findings of fact and conclusions of law with respect thereto."
Here, without holding an evidentiary hearing, the circuit court entered a one-page order denying relief that is not in compliance with Rule 37.3 or the supreme court's precedent interpreting that rule. The Arkansas Supreme Court has held that the provisions of Rule 37.3 requiring written findings are mandatory. See Collins v. State , 2018 Ark. 115, 542 S.W.3d 864 ;
*39 Douglas v. State , 2018 Ark. 89, 540 S.W.3d 685 ; Turner v. State , 2016 Ark. 96, 486 S.W.3d 757. When a circuit court concludes, without a hearing, that a petitioner is not entitled to postconviction relief from a criminal conviction, Rule 37.3(a) requires the circuit court to make written findings, specifying the parts of the record that form the basis of the circuit court's decision, and if the circuit court fails to make such findings, it is reversible error. Sanders v. State , 352 Ark. 16, 98 S.W.3d 35 (2003). The only exception is if the record on appeal conclusively shows that the petition is without merit. Id. In Wooten v. State , 338 Ark. 691, 1 S.W.3d 8 (1999), our supreme court held:
Where the trial court concludes, without a hearing, that the petitioner is not entitled to relief, Rule 37.3(a) requires the trial court to make written findings specifying the parts of the record that form the basis of the trial court's decision. If the trial court fails to make such findings, it is reversible error, unless the record before this court conclusively shows that the petition is without merit. In short, while this court has affirmed the denial of Rule 37 petitions notwithstanding the trial court's failure to make written findings as required by Rule 37.3(a), we have done so only where it can be determined from the record that the petition is wholly without merit or where the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted.
Id. at 694-95, 1 S.W.3d at 10 (citations omitted).
We hold that the circuit court committed reversible error because the record does not "conclusively show" that Shreck is not entitled to any relief from his convictions. Shreck raised four primary claims of ineffective assistance of counsel in his Rule 37 petition: (A) a claim that counsel unreasonably failed to object to certain prejudicial evidence that had been stipulated, prior to trial, to be inadmissible; (B) a claim that counsel was ineffective for failing to object to inadmissible testimony and evidence regarding "bondage" sex that Shreck supposedly engaged in with other women; (C) a claim that counsel unreasonably failed to investigate and present a complete defense (specifically, by failing to present proof that Shreck's intent was to meet with "Brooke Stumbaugh" without the children being present; by failing to investigate and present specific testimony to show the jury that Shreck had no intent to engage in any sexual acts with an eight-year-old girl or a ten-year-old boy; and by failing to present proof that Shreck knew that "Brooke Stumbaugh" did not have two children and that he believed he was "chatting" with a woman who had only one boy who was sixteen years old); and (D) a claim that counsel unreasonably failed to investigate and subpoena former officer Jassen Travis to demonstrate that both he and Shannon Cook had been untruthful.
For the circuit court to summarily say that all four of these claims for relief are "conclusory" is wrong as a matter of law and fact. Our review leaves this court with a "definite and firm conviction" that a mistake was committed by the circuit court. In its order, the circuit court offered no opinion or finding regarding whether it is "clear on the face of the circuit court record" that Shreck is entitled to no relief on any of his claims. In Ross v. State , 2017 Ark. App. 234, at 4, 518 S.W.3d 758, 763, we stated:
Rule 37.3(c) provides that an evidentiary hearing should be held in a postconviction proceeding unless the files and record of the case conclusively show that the prisoner is entitled to no relief. See Wooten [supra ]. The circuit court, in its discretion, can deny postconviction relief without a hearing if it concludes *40 that the petitioner is entitled to no relief. Mancia v. State , 2015 Ark. 115, 459 S.W.3d 259. Rule 37.3(a) states that
[i]f the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief, the circuit court shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings.
Without the specific findings, there can be no meaningful review in this court, because this court determines whether the findings are supported by a preponderance of the evidence. Rackley v. State , 2010 Ark. 469, 2010 WL 4922390 (per curiam). We are not required to scour the record in a Rule 37.1 appeal to determine if the petition is wholly without merit when there are no written findings. Id. When a hearing is not held, it is the function of the circuit court to make written findings. Id.
Further, on the merits of Shreck's claims for relief, he argues that this court should also find that the circuit court clearly erred in denying his Rule 37 petition in the absence of an evidentiary hearing. Because we are reversing and remanding, we decline to address Shreck's argument at this time. That said, unless the circuit court is able to issue sufficient written findings to support its denial of relief, it should consider holding an evidentiary hearing before issuing its order.
Reversed and remanded.
Glover and Vaught, JJ., agree.